UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH ALAN FISHER, Petitioner, v. WARDEN, Respondent. | CAUSE NO. 3:24-CV-498-GSL-AZ |

OPINION AND ORDER

Joseph Alan Fisher, a prisoner without a lawyer, filed an amended habeas petition under 28 U.S.C. § 2241 to challenge his criminal proceedings in Case No. 17D02-2212-F1-9 in the Dekalb Superior Court.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Fisher asserts that he is entitled to habeas relief because his constitutional right to speedy trial was violated. Fisher also asserts that he is entitled to habeas relief because he was arrested without a search warrant and without probable cause. A petitioner may be entitled to habeas relief if he can demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 42 U.S.C. § 2241(c)(3). Given that Fisher was arrested more than one year ago, the

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

lawfulness of his arrest is distinct from the issue of whether his continued detention is lawful. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 364-70 (2017) (comparing and contrasting unlawful arrest and unlawful detention claims); *see also Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) ("[A] wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction."). Stated otherwise, it is unclear how Fisher could now demonstrate that he is in custody in violation of federal law through an unlawful arrest claim. Accordingly, Fisher's claims that his arrest was unlawful are not a basis for habeas relief.

Fisher also asserts that he is entitled to habeas relief because he has been inappropriately charged with murder rather than attempted murder. However, according to the electronic docket for the State courts, he is charged with attempted murder in Case No. 17D02-2212-F1-9. Therefore, the claim that he is inappropriately charged with murder is not a basis for habeas relief.

The court next considers whether Fisher has properly exhausted his speedy trial claim. Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one

complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

In Indiana, speedy trial claims can be raised in an interlocutory appeal. *See Curtis v. State*, 948 N.E.2d 1143 (Ind. 2011); *Dillard v. State*, 102 N.E.3d 310 (Ind. Ct. App. 2018). According to the electronic docket for the State courts, Fisher has not presented a claim regarding his constitutional right to a speedy trial to the State appellate courts. Consequently, the court finds that he has not exhausted his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Fisher filed this habeas petition under Section 2241 rather than under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)

3

("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Because dismissing this case will not effectively end Fisher's chance at habeas corpus review by rendering his claims untimely, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Fisher to proceed further in federal court until he has exhausted his claim in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is unexhausted;

(2) DENIES Joseph Alan Fisher a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on August 6, 2024

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT